## PURDY & AL. vs. HOOD & AL.

A person who is a partner of the defendant, in a particular adventure, for which he has advanced the funds, will have a preference, on the object of such adventure, over attaching creditors of defendant.

APPEAL from the parish court of the parish of New Orleans.

MATTHEWS, J. delivered the opinion of the court. This suit was commenced by attachment; and merchandize, in the possession of Lockhart and Arrott, merchants in the city of New Orleans, was seized, which had been consigned to them by the defendants from Philadelphia. The cause, as shewn by the record, was first heard and determined between the original parties, and judgment rendered in favour of the plaintiffs for the sum by them claimed; and afterwards examined and adjudged in relation to the claim of the intervening parties, which was sustained by the judgment of the court below : and the plaintiffs appealed.

The persons who intervened in the cause,

claim as partners with the defendants, having an equal and common right to the property seized by virtue of the writ of attachment, alleging that they are creditors of the partnership, in consequence of having paid out of their own funds the entire price of the goods seized ; and that as a loss was experienced on the adventure, nothing remains to be shared and partaken by the defendants. The testimony of the case proves the facts alleged by the claimants ; but to this testimony two bills of exceptions are found on the record, taken by the counsel for the plaintiffs. 1st. To the admissibility of the evidence of a witness taken on the interrogatories under a commission issued by the court of the first instance. 2d. To the admission of an affidavit made by one of the defendants before an alderman of the city of Philadelphia, by which he acknowledged and confessed that the goods, now in dispute, were the joint property of his firm and that of the claimants. These exceptions must be disposed of before the legal questions of the cause can be discussed. The first is based solely on the ground of the insufficiency of the answer given by the witness to the fourth cross interrogatory. This interrogatory

Eastern Dis't
*April,* 1827
PURDY & AL.
*vs.*
HOOD & AL.

is divided into a variety of questions; although the main object seems to have been to obtain a statement of the general accounts as they existed between the claimants and defendants.

The answer states, that the joint interest in the parcel of goods, about which the present contest exists, is the only transaction which ever took place between Hood & Co. and Cohen and Nisbet, and that there is no general account between them.

The sub-divisions of the principal question have been explicitly answered; and we are of opinion that the testimony was properly admitted in the court below. The affidavit of the defendant, considered as an extra-judicial confession, was also correctly received in evidence, as it could not in any manner affect the interest of his firm; for it would be indifferent whether they are bound to the plaintiffs or the intervening party; any prejudice or feeling they might be supposed to have in favour of one or the other party, ought not to render confessions on their part, incompetent.

The legal questions which arise in the case, may be considered in the following order :— 1st. Whether the joint purchase of the goods in question, by Hood & Co. and Cohen &

Nisbet, for the purpose of selling them on a profit, having relation only to a single transaction, places the partners concerned in it on the footing of partners in trade, and entitles them to the benefits of the rules of law relating to commercial partnerships? 2d. Whether a co-partner who is creditor of the firm, is entitled to a preference on the partnership property over the creditors of his partners individually?

Partnership, as defined by our code, is a synallagmatic and commutative contract made between two or more persons, for the mutual participation in the profits which may accrue from property, credit, skill or industry, furnished in determinate proportions by the parties. See the *Louisiana Code, art.* 2,772. According to a definition given by Gow, a late writer on the subject, in pursuance of the rules which govern it in England, it is said to be "a voluntary contract between two or more persons, for joining together their money, goods, labour and skill, or either, or all of them, upon an agreement that the gain or loss shall be divided proportionably between them: and having for its object the advancement and protection of fair and open trade." See his Treatise, p. 2.

This last is a definition of a commercial partnership; which, according to the *Louisiana Code,* is formed for the purchase of any personal property, and the sale thereof, &c. See art. 2,796.

It is true, that a community of property does not of itself create a partnership, however that property may be acquired, &c.    See the art. 2,777, cited by appellant's counsel.    But when personal property is acquired jointly by two or more persons, for the express purpose of being sold on joint account, with a view to gain, it appears to us that a partnership is created in relation thereto, and that the rights and claims of the parties must be regulated agreeably to rules appertaining to such contracts.

The owners of property held in partnership, have not separately a particular interest in distinct portions of the common stock, but possess it each as proprietor of his undivided portion, and of the whole : or, as expressed by writers on the common law of England, in ancient Norman dialect, each partner is possessed *per my et per tout.* See *Gow's Treatise on the Law of Partnership,* p. 49.    Creditors of a partnership have, according to law, a pre-

ference allowed them, on the joint property of the concern, over creditors of the individual partners, in payment of debts. Same author, 317.

Eastern Dis't
*April,* 1827.

PURDY & AL.
*vs*
HOOD & AL.

A partner may be a creditor of the partnership for the sums which he has discharged for the common benefit, &c. See *Code, art.* 2,835.

In the present case it is shewn, that Cohen & Nisbet paid for the merchandize out of their own funds, which was purchased jointly for them and the defendants in the attachment, and thereby became creditors of the partnership to that amount; and in relation to the joint stock, must be considered in the same situation with any other creditors of the partnership, and have a claim on its funds in preference to creditors of the partners individually. Consequently they are to be preferred to the plaintiffs, who are creditors of Hood & Co. alone. And as the evidence shews that nothing will remain of the common stock after payment of partnership debts, the judgment of the parish court is correct in adjudging the fund in the hands of the garnishees to the intervening party.

In pursuance of the expressions of our attachment law, which are very general, the ap-

parent right of the defendants to the property seized was, perhaps, sufficient to support the writ, and bring the debtor before the court, and judgment was properly rendered against them. After judgment their rights to the undivided stock might have been sold under execution; and the purchaser would then assume the situation of the partners, whose interest was thus sold, so far as to be entitled to any surplus that might remain to them on a final settlement and account, rendered at the instance of such purchaser at sheriff's sale. But in the present case, the evidence taken in consequence of the intervention of the co-partners, fully establishes the state of accounts between them and the defendants, as assumed by the court below in its final judgment, which we believe to be legal and equitable.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.

*Watts & Lobdell* for the plaintiffs, *Strawbridge* for the defendants.